# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO CAMACHO-CORONA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY DEPARTMENT OF CORRECTION,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 12-CV-1164-MMA(WMC)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

　　Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution Victorville located in Adelanto, California, and proceeding *pro se*, filed this action entitled "Motion Pursuant to FRAP 21(a), 28 U.S.C.S. § 1651(a)(d), Rule 32(a)(1), Writ of Mandamus." Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; nor has he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

**I.　　Failure to Pay Filing Fee or Request IFP Status**

　　All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $350 filing fee required to commence a civil action, nor has he submitted Motions to Proceed IFP. Therefore, the case must be dismissed pursuant to 28 U.S.C. § 1914(a). *Id.*

## II.   Conclusion and Order

For the reasons set forth above, the Court hereby:

(1)   **DISMISSES** this action *sua sponte* without prejudice for failing to pay the $350 filing fee or file Motions to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2)   **GRANTS** Plaintiff **thirty (30)** days leave from the date this Order is filed to: (a) prepay the entire $350 civil filing fee in full; *or* (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of the Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b).[1]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiffs with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If either Plaintiff fails to prepay the $350 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within that time, this action shall remain dismissed without prejudice and without further Order of the Court.

**IT IS SO ORDERED.**

DATED: May 16, 2012

Hon. Michael M. Anello
United States District Judge

---

[1] Plaintiff is cautioned that if he choose to proceed further with this action either by paying the full civil filing fee required by 28 U.S.C. § 1914(a), or moving to proceed IFP, his Complaint will be screened and is likely to be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b) because his action appears to be a civil rights action based on the conditions of his confinement. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening procedure required by 28 U.S.C. § 1915A(b)). **The Court's initial review of the Complaint reveals that the Southern District of California is not the proper forum for this action, as <u>none</u> of the events in Plaintiff's Complaint occurred in this District. Moreover, it does not appear that the Court has jurisdiction here, as it appears that all of the parties Plaintiff has sued are located in Nebraska and Victorville, California.**