1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

PEDRO CAMACHO-CORONA,

Plaintiff,

vs.

DOUGLAS COUNTY DEPARTMENT OF CORRECTION,

Defendant.

Civil No.   12-CV-1164-MMA(WMC)

**ORDER DISMISSING ACTION FOR IMPROPER VENUE**

16    Plaintiff, an inmate currently incarcerated at the Federal Correctional Facility Victorville

17 located in Adelanto, California, and proceeding *pro se*, filed this action as a "Motion Pursuant

18 to FRAP 21(a), 28 U.S.C.S. § 1651(a)(d), Rule 32(a)(1), Writ of Mandamus."  However, his

19 allegations appear to make out claims for civil rights violations based on the conditions of his

20 confinement, namely violations of the Eighth Amendment for failure to provide proper medical

21 care.  *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff now moves for leave

22 to proceed *in forma pauperis*.

23 **I.    Motion to Proceed In Forma Pauperis**

24    All parties instituting any civil action, suit or proceeding in a district court of the United

25 States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

26 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee

27 only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a).  *See Rodriguez*

28 *v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

12CV1164

1   According to Plaintiff's declaration, he is currently unemployed, with no significant

2   sources of income or assets.  [Doc. No. 3.]  The Court has reviewed Plaintiff's affidavit of assets

3   and finds it is sufficient to show that he is unable to pay the fees or post securities required to

4   maintain this action.  Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP under

5   28 U.S.C. § 1915(a).

6   **II.      Initial Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

7   When a court authorizes the commencement of an action by granting IFP status, the court

8   is also obligated to dismiss the case "at any time" upon making a determination that the action

9   "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii); *see also*

10   *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("It is also clear that section 1915(e) not

11   only permits but *requires* a district to dismiss an in forma pauperis complaint that fails to state

12   a claim." (emphasis added)); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam)

13   (finding that the provisions of § 1915(e)(2)(B) "are not limited to prisoners").  A district court

14   may also raise the issue of defective venue *sua sponte* and dismiss an action.  *See Costlow v.*

15   *Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

16   Under 28 U.S.C. § 1391(b), venue is proper in (1) a district where any defendant resides;

17   (2) a district in which a "substantial part of the events or omissions giving rise to the claim

18   occurred"; or (3) a judicial district in which any defendant may be found, if there is no district

19   in which the action may otherwise be brought.  Similarly, under 28 U.S.C. § 1391(e)(1), which

20   governs suits against officers or employees of the United States, venue is proper in "any judicial

21   district in which (A) a defendant in the action resides, (B) a substantial part of the events or

22   omissions giving rise to the claim occurred, or a substantial part of property that is the subject

23   of the action is situated, or (C) the plaintiff resides if no real property is involved in the action."

24   The Court's initial review of the Complaint reveals that the Southern District of

25   California is not the proper venue to bring this action.  *All* of the parties Plaintiff has sued are

26   located in Nebraska and Victorville, California, and the Complaint never mentions any person

27   or other legal entity, location, or event in the Southern District of California.  *See* 28 U.S.C.

28   § 1391(b), (e).

**III.    Conclusion and Order**

For the reasons set forth above, the Court hereby **DISMISSES** this action *sua sponte* without prejudice.  28 U.S.C. § 1406.  If Plaintiff wishes to proceed on this matter, he may file suit in the proper venue.

**IT IS SO ORDERED.**

DATED:  June 12, 2012

Hon. Michael M. Anello
United States District Judge